Cite as 2025 Ark. 1

# SUPREME COURT OF ARKANSAS

| | |
|---|---|
| IN RE ADMINISTRATIVE ORDER 24 | **Opinion Delivered:** January 3, 2025 |

### PER CURIAM

Pursuant to Amendment 80 of the Arkansas Constitution, the court establishes Administrative Order 24 to ensure the continued efficient administration of justice. The court establishes the following procedures to clarify the employment status of persons working for the Administrative Office of the Courts and the Supreme Court of Arkansas.

Certain events have recently transpired that require formal, written procedures for when a court or AOC employee may be terminated. These rules will provide a transparent process for employees and court members to follow in the event that termination is required. Sunlight—in the form of a written policy—provides the best process.

The events giving rise to this order have been percolating but came to a head on January 2, 2025, when the Chief Justice of the Supreme Court of Arkansas called the Director of the Administrative Office of the Courts ("Director") and the Director of Emergency Preparedness and Chief of Supreme Court Police ("Police Chief") into her

office for a meeting. During the meeting, the Chief Justice confronted the Director and Police Chief about their responses to Freedom of Information Act requests involving her. The Chief Justice noted that she had prepared letters of termination for the Director and Police Chief, but was unsure whether she would fire them.

The next day, January 3, the Chief Justice intercepted the Police Chief as he walked into the Justice Building and purported to fire him. The Chief Justice had also prepared termination letters for at least ten (10) other employees of the Administrative Office of the Courts, including the Director. The Director, however, serves at the pleasure of the entire court, not the Chief Justice alone. Ark. Code Ann. § 16-10-102(a)(2).

Specifically, the Chief Justice attempted to terminate the following employees:

- Director of Administrative Office of the Courts;

- Director of Emergency Preparedness and Chief of Supreme Court Police;

- Juvenile Justice Division Director;

- Director of Alternative Dispute Resolution Programs and Director of Judicial Education;

- Director of Finance and Administration;

- Legal Services Division Director;

- Court Information Systems Division Director;

- Court Information Systems Division Deputy Director;

- District Court Staff Attorney; and

- Administrator of the Commission of Children, Youth, and Families.

If carried out, those terminations would disrupt the administration of justice across the state of Arkansas.

The Chief Justice did not notify—let alone consult—the court before attempting to unilaterally fire these long-tenured court employees. After learning of the attempt to terminate these employees, a fellow justice asked the Chief Justice to meet with other members of the court to discuss her decisions. The Chief Justice refused. Four members of the court then renewed the request to discuss the attempted terminations, and the Chief Justice again declined. Yet when asked why these ten employees were being terminated, the Chief Justice stated that she had "millions of reasons." Then, when asked about those employees' families and the fact that they were scared and fearful, the Chief Justice responded by saying that it was "good" for those employees to be scared. The Chief Justice then ended that discussion.

Not once did the Chief Justice articulate a specific reason for firing any of these employees, either to the full court or to the employees themselves. Some of these employees have pending human-resource complaints against the Chief Justice for recent incidents. And the Chief Justice has attempted to terminate the recipient of these complaints, the Director of Finance and Administration. These terminations therefore appear to be retaliatory. And given the uncertainty these terminations have created and the potential disruption of the administration of justice, the court hereby adopts the following Administrative Order.

This situation is unnecessary and unfortunate. The court thanks the employees targeted for termination for their service and offers its sincere apologies to their families for

3

this situation. And the court appreciates their continued service to the people of the Natural State.

**Administrative Order 24. Employment of Court Personnel**

Absent express statutory authority to the contrary, the Director of the Administrative Office of the Courts holds sole responsibility to hire and terminate the staff of the Administrative Office of the Courts. Arkansas Code Annotated section 16-10-102(a)(2) also provides that the Director of the Administrative Office of the Courts is "subject to the approval of the Supreme Court and the Arkansas Judicial Council, Inc." and "serves at the pleasure of the Supreme Court." The Director therefore cannot be terminated without the express consent of at least four members of the Supreme Court.

As it relates to employees of the Administrative Office of the Courts, no employee of the Supreme Court of Arkansas or the Administrative Office of the Courts shall process any termination letter, restrict access to physical space, restrict access to information-technology services, cut off payroll, or otherwise restrict employment activity without the express approval of the Director of the Administrative Office of the Courts.

As it relates to the Director of the Administrative Office of the Courts, no employee of the Supreme Court of Arkansas or the Administrative Office of the Courts shall process any termination letter, restrict access to physical space, restrict access to information-technology services, cut off payroll, or otherwise restrict employment activity without the express written approval of at least four members of the Supreme Court of Arkansas.

The Clerk of the Supreme Court and Reporter of Decisions also serve at the pleasure of the entire Supreme Court of Arkansas. Ark. Const. amend. 80, § 2(F). The Clerk and Reporter cannot be terminated without the express written approval of four members of the Supreme Court of Arkansas. The Clerk and Reporter retain hiring and firing authority for members of their staff, subject to notice to the entire court. Absent an emergency, any terminated employee may be reinstated within three days if at least four members of the Supreme Court have given express written notice.

Each justice has hiring and firing authority for his or her immediate chambers staff, which includes two law clerks and a judicial administrative assistant. No other Supreme Court of Arkansas employee or Bar of Arkansas employee may be terminated without the express written approval of four members of the Supreme Court of Arkansas.

Any terminations that have occurred on or after January 1, 2025, in contravention of this order are hereby rescinded, effective immediately.

The failure to abide by any provision of this order may result in a citation for contempt.

BAKER, C.J., and HUDSON, J., not participating.